FILED
United States Court of Appeals
Tenth Circuit

February 25, 2015

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

JUAN VELASQUEZ,

Petitioner - Appellant,

v.

WARDEN FAULK, L.C.F.;
ATTORNEY GENERAL OF THE
STATE OF COLORADO,

Respondents - Appellees.

No. 14-1087
(D.C. No. 1:12-CV-02057-WYD)
(D. Colorado)

**ORDER DENYING CERTIFICATE
OF APPEALABILITY**

Before **GORSUCH**, **MURPHY,** and **McHUGH**, Circuit Judges.

This matter is before the court on Juan Velasquez's pro se requests for a

certificate of appealability ("COA") and for permission to proceed on appeal *in*

*forma pauperis*. Velasquez seeks a COA so he can appeal the district court's

denial of his 28 U.S.C. § 2254 petition. *See* 28 U.S.C. § 2253(c)(1)(A) (providing

no appeal may be taken from a final order denying a § 2254 petition unless the

petitioner first obtains a COA). Because Velasquez has not "made a substantial

showing of the denial of a constitutional right," 28 U.S.C. § 2253(c)(2), this court

**denies** his request for a COA and **dismisses** this appeal. We do, however, **grant**

his motion for leave to proceed on appeal in forma pauperis.

Following a jury trial in Colorado state court, Velasquez was convicted of attempted first degree murder and first degree assault. The trial court concluded Velasquez was a habitual criminal and sentenced him to concurrent ninety-six-year terms of imprisonment. After exhausting his state court remedies without obtaining any relief, Velasquez filed the instant § 2254 habeas petition raising eight claims.[1] In two exceedingly comprehensive orders, the district court concluded the claims set out in Velasquez's habeas petition were either procedurally barred or without merit.

The granting of a COA is a jurisdictional prerequisite to Velasquez's appeal from the denial of his § 2254 petition. *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003). To be entitled to a COA, Velasquez must make "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To make the requisite showing, he must demonstrate "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Miller-El*, 537 U.S. at 336 (quotations omitted). When a district court dismisses a § 2254 claim on procedural grounds, a petitioner is entitled to a COA only if he shows both that reasonable jurists would find it debatable whether he had stated a valid constitutional claim and

---

[1] Velasquez's claim 7, a claim of ineffective assistance of trial counsel, set out five subclaims.

debatable whether the district court's procedural ruling was correct. *Slack v. McDaniel*, 529 U.S. 473, 484-85 (2000). In evaluating whether Velasquez has satisfied his burden, this court undertakes "a preliminary, though not definitive, consideration of the [legal] framework" applicable to each of his claims. *Miller-El*, 537 U.S. at 338. Although Velasquez need not demonstrate his appeal will succeed to be entitled to a COA, he must "prove something more than the absence of frivolity or the existence of mere good faith." *Id.* (quotations omitted)

Having undertaken a review of Velasquez's appellate filings, the district court's orders, and the entire record before this court pursuant to the framework set out by the Supreme Court in *Miller-El*, we conclude Velasquez is not entitled to a COA. In so ruling, this court has nothing to add to the district court's thorough analysis, as set out in its orders dated February 1, 2013, and February 5, 2014. Accordingly, this court **DENIES** Velasquez's request for a COA and **DISMISSES** this appeal.

ENTERED FOR THE COURT


Michael R. Murphy
Circuit Judge